# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 10-20151-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| RAMON GIRON-ESPANA, | ) | No. 11-2345-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On March 4, 2011, defendant pled guilty to conspiracy to distribute five kilograms or more of cocaine and to possess with intent to distribute five kilograms or more of cocaine. On May 31, 2011, the Court sentenced defendant to 121 months in prison. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #172) filed June 20, 2011. For reasons stated below, the Court overrules defendant's motion.

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Liberally construed, defendant's Section 2255 motion asserts that his attorney, Alex McCauley, was ineffective because (1) he did not provide defendant a translated copy of pertinent documents, (2) he did not object to defendant's sentence which included a three-level manager/organizer enhancement, and (3) he advised defendant that he should receive a sentence

under the safety valve. Defendant also asserts prosecutorial misconduct because he received a two-level enhancement for possession of a firearm even though law enforcement never found a firearm in his possession.[1]

## I. Ineffective Assistance Of Counsel Claims

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) counsel's deficient performance prejudiced the defense to such an extent that a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

---

[1] Defendant did not file a memorandum in support of his motion or a reply to the government's response brief. All of defendant's claims, though verified, are conclusory. See United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); see also Mayes v. Gibson, 210 F.3d 1284, 1287 (10th Cir.) (to warrant hearing on ineffective assistance claim under 28 U.S.C. § 2254, plaintiff must allege facts which "if true and not contravened by the record" would entitle him to relief), cert. denied, 531 U.S. 1020 (2000).

### A. Failure To Provide A Translated Copy Of Documents

Defendant argues that Mr. McCauley was ineffective because he did not provide defendant a translated copy of "pertinent documents." Doc. #172 at 4. Defendant does not specify what documents counsel should have translated. Defendant has not shown that counsel's alleged failure to translate certain documents was deficient or prejudicial (i.e., that it would have altered his decision to plead guilty or the sentence which the Court imposed). The Court therefore overrules defendant's first claim for relief.

### B. Failure To Raise Objections At Sentencing

Defendant argues that Mr. McCauley was ineffective because he did not raise certain sentencing objections including an objection to the three-level enhancement for being a manager/organizer. The presentence investigation report ("PSIR") correctly notes that defendant was a manager or supervisor in an offense involving at least five participants. See PSIR (Doc. #137) filed May 19, 2011 ¶ 54.[2] Accordingly, a three-level enhancement was warranted. See U.S.S.G. § 3B1.1(b). Defendant has not set forth any plausible basis for an objection to the enhancement. In addition, defendant has not shown that counsel's general performance at sentencing was outside the wide range of reasonable professional assistance or that absent counsel's alleged errors, he would have received a different sentence. See Strickland, 466 U.S. at 689. The Court therefore overrules defendant's second claim for relief.

### C. Advice About The Availability Of The Safety Valve

Defendant argues that Mr. McCauley was ineffective because he told defendant that he

---

[2] Defendant pled guilty to Count 1 of the superseding indictment which charged a conspiracy between eight individuals. See Superseding Indictment (Doc. #51) at 1-2.

-3-

should receive relief under the safety valve. Even if the Court assumes that counsel was deficient in this regard, defendant has not alleged or shown prejudice. In particular, defendant has not alleged or shown a reasonable probability that absent counsel's advice about the safety valve, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); Miller v. Champion, 262 F.3d 1066, 1068-69 (10th Cir. 2001). Specifically, defendant does not assert that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). The Court overrules defendant's claim that counsel provided ineffective assistance based on his advice about the safety valve.

**II.     Prosecutorial Misconduct**

Defendant asserts prosecutorial misconduct because he received a two-level enhancement for possession of a firearm even though law enforcement never found a firearm in his possession. The PSIR notes that on September 14, 2010, in conjunction with a sale of cocaine, defendant sold a firearm to Karen Gonzalez-Tejeda. See PSIR ¶ 21. The PSIR correctly increased defendant's offense level by two levels. See U.S.S.G. § 2D1.1(b)(1); PSIR ¶ 52. Defendant has not alleged sufficient facts to establish prosecutorial misconduct. See generally Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (prosecutorial misconduct does not warrant federal habeas relief unless conduct complained of so infected proceedings with unfairness as to make resulting conviction denial of due process). The Court therefore overrules defendant's claim.

**III.    Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief.

Moreover, defendant does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; Kilpatrick, 1997 WL 537866, at *3 (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

**IV. Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. The Court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #172) filed June 20,

---

[3] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the ruling on defendant's Section 2255 motion.

Dated this 15th day of December, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge